**People of the State of Illinois, Appellant, v. Robert Bryant, Appellee.**

Gen. No. 54,506.

First District, Second Division.

June 23, 1970.

Rehearing denied July 24, 1970.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellant.

No brief for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

The appeal in this court was taken by the State from an order quashing a search warrant and suppressing evidence under Supreme Court Rule 604. The issues before this court are whether there was probable cause to justify the issuance of a search warrant for the search of the person of the defendant and his apartment, and whether a three-day delay in the execution of a search warrant removes the validity of a search and seizure. The State filed a brief, but no brief was filed by the defendant.

On December 7, 1968, Chicago police officers obtained a search warrant for the person of Robert Bryant and a third-floor apartment at 5452 South Calumet Avenue, in Chicago. The warrant authorized the seizure of pari-mutuel lottery records of bets, lottery bet money, adding machine and tapes used in the offense of gambling. On December 10, 1968, the warrant was executed upon the person of the defendant at 55th and Prairie, in Chicago; evidence was seized, and the defendant was taken to his apartment where a search was conducted and additional evidence seized. The defendant was subsequently indicted for the offense of gambling. On July 1, 1969, at a hearing in the Circuit Court, the search warrant was quashed and the evidence suppressed. On July 31, 1969, the State filed a notice of appeal.

 One of the reasons given by the trial judge for quashing the warrant and suppressing the evidence was that the case is controlled by People v. Bak, 45 Ill2d 140, 258 NE2d 341. At the time the State's brief was filed, the Bak opinion was not a final decision in the Illinois Supreme Court, but it was later filed by that court and is controlling and directly in point. The question presented in that case is "whether the person against whom or against whose property a search warrant has

been directed may dispute the matters declared under oath which led to the finding of probable cause and the issuance of a search warrant by the judicial officer." [Page 141.] It was held that the defendant had no right to a hearing challenging the search warrant on the basis that the informer was not reliable, and that other allegations made by the affiant were not proved; and that there was no authority for the defendant to dispute the finding of the trial court that there was probable cause for the issuance of the search warrant presented to it. The court further held that it "declines to adopt a rule which it believes would unnecessarily permit a collateral and distracting evidentiary dispute."

■ Under the ruling in Bak, no attack could be made upon the validity of the issuance of the search warrant. The warrant was issued on December 7, 1968, and executed on December 10, 1968. The three-day delay does not render it void. Ill Rev Stats 1967, c 38, § 108–6 provides that a warrant shall be executed within 96 hours from the time of issuance. In the instant case there was no delay beyond 96 hours.

■ ■ The trial court admitted that an offense was committed by the defendant on October 15, 1968, as set out in the following portion of the complaint:

a.) The informant had given reliable information in the past concerning gambling cases. Information was given six times during approximately one year, which resulted in a number of convictions, with two cases still pending under indictment;

b.) On October 15, the informant observed Bryant collecting pari-mutuel bets and money at 5507 S. Prairie Ave., Chicago, Illinois;

c.) Robert Bryant was known to the affiant, Officer Davis to live at 5452 S. Calumet Ave., Chicago, Illinois, and to be a runner for a pari-mutuel lottery;

There was probable cause for the issuance of the warrant. In People v. In re Search Warrant Upon Person of William L. Johnson, 84 Ill App2d 143, at 147, 228 NE 2d 457, the court said, with reference to the question of probable cause necessary for the issuance of a search warrant, "Thus, the guiding principle in determining probable cause is common sense." The Illinois courts have consistently found probable cause present for the issuance of search warrants where there was information from a reliable informant supported by police surveillance. People v. Williams, 27 Ill2d 542, 544, 190 NE 2d 303; People v. Williams, 36 Ill2d 505, 508, 224 NE2d 225; People v. Chatman, 38 Ill2d 265, 270, 230 NE2d 879.

In the case before us there was reliable information that the defendant was collecting pari-mutuel bets. The order quashing the search warrant and suppressing evidence is reversed and the cause is remanded for further proceedings.

Reversed and remanded with directions.

LYONS and BURKE, JJ., concur.