THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES ALLEN GUALANDI, Defendant-Appellee.

(No. 12044; ▆▆▆▆▆▆

Fourth District—August 28, 1974.

Paul R. Welch, State's Attorney, of Bloomington (Michael J. Flynn, Assistant State's Attorney, of counsel), for the People.

Costigan, Wollrab, Fraker & Wochner, of Bloomington (Robert W. Neirynck, of counsel), for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

The prosecution appeals from an order of the trial court suppressing certain items of marijuana and narcotics seized upon the execution of a search warrant. The items suppressed were evidence seized upon the authority of a second warrant issued for a second search in the same building. It is necessary to state the events leading to the issuance of such warrant.

On the evening of November 5, 1971, a warrant for the search of described premises was issued upon the complaint and affidavit of the State's Attorney. Both the complaint and warrant delimited the search

in the described building to "[t]he entire first floor including all five rooms and the hallway area immediately inside the front door, which said area includes the steps to the second floor  *  *  *."

This warrant was executed in the early hours of November 6 by the arrest of the defendant and the search of the described area. The motion to suppress the items seized at this time was denied.

Upon a hearing on the motion to suppress here at issue the following facts were agreed to before the trial court. As the officers approached the house to execute the warrant described, it was noted that some of the upstairs rooms were illuminated. It is not clearly stated, but it appears that the downstairs lights were also on.

The officer in charge determined, or it was otherwise agreed, that two officers were "to check the second floor for people to protect the law enforcement officers engaged in executing the search warrant." Upon entering the building the officers, Shepherd and Gibson, went up the stairs and traversed the hallway of the second floor and through open doors to the several rooms observed items that appeared to be marijuana, both in cigarettes and raw, a scales and certain pills. In one room they observed a man with the makings of a marijuana cigarette, arrested him and took him downstairs. Based upon these observations, Shepherd and Gibson prepared a complaint and procured a second warrant authorizing the search of the second floor of the building and this warrant was executed.

Upon such facts, the trial court ordered that the items seized from the second floor under this second warrant be suppressed, concluding that the officers exceeded the authority in the initial warrant by going to the second floor and that such acts were not justified or required to protect the searching officers.

The State's Attorney argues that the issue is the reasonableness of the officers going to the second floor to ascertain the presence of persons who might interrupt the searching officers, and that if the former were reasonably present on the second floor, the observation of items of contraband were not illegal.

The State's Attorney urges that the facts are analogous to those in *Ker v. California*, 374 U.S. 23, 10 L.Ed.2d 726, 83 S.Ct. 1623, which is said to be cited with approval in *People v. Macias*, 39 Ill.2d 208, 234 N.E.2d 783. In each case there was probable cause for an arrest without a warrant. In each case it was contended that the search incident to such arrest was vitiated by the means of entry. In *Ker*, the officers had probable cause to arrest for possession of marijuana. They obtained a key from the landlord and entered defendant's apartment quietly and discovered the contraband in plain view as an incident of the arrest. The

issue was whether "[t]he method of entering the home may offend Federal constitutional standards of reasonableness and therefore vitiate the legality of the accompanying search." The Supreme Court noted the reasons supporting a conclusion that the marijuana might be disposed of or destroyed before the arrest could be made and concluded that the method of entry was not unreasonable under the standards of the 4th amendment.

In *Macias*, there was probable cause to arrest defendant without a warrant for a jewel robbery. The officers posed as gas inspectors to gain entry to defendant's apartment where they awaited his return. After the arrest for the jewel robbery, the search of the defendant at the jail disclosed marijuana. The trial court denied his motion to suppress the marijuana. Defendant argued that the entry by trickery was the equivalent of a breaking in which vitiated the arrest and subsequent search. The reviewing court noted that in the jewel robbery a police officer had been shot and hostages had been taken so that defendant was known to be dangerous. Moreover, the news of the arrest of a member of the robbery gang had been broadcast and defendant could reasonably be expected to flee. It was held that under such exigent circumstances the entry was not unreasonable under either the Illinois or Federal constitutions.

From such cases, it is here argued that the dispatch of two officers to the second floor was a reasonable exercise of discretion, that the officers were reasonably present in the hall and that the observation of the items described as being in plain view in the several rooms were not illegally obtained. The claim is that the officers being lawfully present for reasons justified by exigent circumstances, they were able to observe contraband in plain view. While we do not now decide the point, it appears that upon the State's Attorney's argued premise, the procuring of a second search warrant was unnecessary to seize contraband discovered.

Section 108—9 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 108—9) provides that in the execution of a search warrant the executing officer may reasonably detain any person on the premises at the time to protect himself from attack or to prevent the disposal or concealment of matters described in the warrant. The Committee Comments note that the cited statute and its language "any person on the premises" would include the limits prescribed in the warrant itself and concludes that it provides the officer "a clear outline of his power in executing the warrant."

The complaint for the issuance of the first warrant may be presumed to define the limits of probable cause. It is not claimed that the recon-

naissance on the second floor was designed to prevent the destruction of the items authorized to be seized by the warrant.

In *Coolidge v. New Hampshire,* 403 U.S. 443, 29 L.Ed.2d 564, 91 S.Ct. 2022, there is a detailed analysis of the circumstances wherein the discovery of objects in plain view may be said to have a legal significance. Thus, in a search under warrant for specified items, contraband or other evidence not specified may be seized. Again, where the "initial intrusion" is justified by a recognized exception to the warrant requirement as in "hot pursuit," things observed in plain view may be seized. In a search incident to arrest there may be a search for weapons or other evidence within the immediate control of the arrestee to prevent destruction of such evidence, or to protect the arresting officers. (*Chimel v. California,* 395 U.S. 752, 23 L.Ed.2d 685, 89 S.Ct. 2034.) In *Coolidge* (403 U.S. at 465 N. 24), it is said that the evidence discovered in plain view, although outside of the immediate reach of the arrestee, may be seized. *Coolidge* decrees that no intrusion is justified without a careful determination of necessity and that plain view alone does not justify a warrantless seizure.

■■ We must conclude that the intrusion which permits observations on plain view sufficient to support the issuance of a search warrant is governed by the same limitations which control the intrusion upon which evidence in plain view may be seized without a warrant.

■■ Upon the facts presented we conclude that it was appropriate for the searching officers to guard the area of authorized search, but that there is no such showing of a known and eminent hazard to the safety of those searching or such an exigency of "hot pursuit" (*People v. Apodaca,* 118 Ill.App.2d 199, 255 N.E.2d 51) as to make it reasonable to go beyond the defined area of the warrant.

The order of the trial court is affirmed.

Affirmed.

SMITH, P. J., and CRAVEN, J., concur.