THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CLARENCE DUKES, Defendant-Appellee.

First District (1st Division) Nos. 76-966, 76-967 cons.

Opinion filed April 25, 1977.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Michael E. Shabat, and Jeffrey C. Pattee, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (John M. Kalnins, Assistant Public Defender, of counsel), for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

In separate complaints, defendant, Clarence Dukes, was charged with unlawful use of weapons and with gambling in violation of sections 24—1(a)(7) and 28—1(a)(5) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, pars. 24—1(a)(7), 28—1(a)(5)). The complaints were consolidated for a pretrial hearing held pursuant to defendant's motion to suppress evidence. After testimony and arguments of counsel, the trial court ordered that defendant's motion be sustained. Pursuant to Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)), the State now appeals from that order.

On appeal the State contends that the trial court erred in sustaining the defendant's motion to suppress evidence obtained in a search of defendant's person because (1) the defendant entered an apartment while police officers were executing a search warrant for the apartment; (2) the defendant gave an unresponsive answer when asked by the officers why he had come to the apartment; and (3) a police officer noticed a bulge in the shape of a holster underneath defendant's coat.

We affirm.

The only witness to testify at the hearing on defendant's motion to

suppress was Chicago police officer Stephen Sorich. His testimony established that on October 30, 1974, Officer Sorich and other Chicago police officers, dressed in plainclothes and armed with a search warrant, entered a private, residential first floor apartment located at 5510 South Michigan in Chicago, Illinois. Although the search warrant described the above premises, it did not describe the defendant, nor was the defendant known to any of the police officers executing the warrant.

While the officers were engaged in searching the premises for gambling paraphernalia, there was a knock on the door of the apartment and the defendant, Clarence Dukes, entered. Officer Sorich did not know who, if anyone, opened the door and let the defendant into the apartment. Officer Sorich asked the defendant why he was in the apartment. After the defendant responded that he did not know, Officer Sorich noticed a bulge on defendant's left side underneath defendant's coat. The bulge appeared to have the outline of a holster. Officer Sorich then frisked the defendant, discovered a gun on defendant's person, and placed defendant under arrest for carrying a concealed weapon. Officer Sorich, however, clearly testified at the hearing on the motion to suppress that he had no reason to believe that the defendant was dangerous.

A complete search of the defendant then ensued and a quantity of horse bets and $20 in United States currency was discovered on defendant's person. Upon his arrest, the defendant identified himself and showed Officer Sorich evidence indicating that he was an investigator from the Cook County Public Defender's office. The defendant then stated to Officer Sorich that he was trying to serve a subpoena and that he had been looking for another address. The defendant showed the subpoena to Officer Sorich.

■■ The State contends that the testimony at the pretrial conference clearly established the propriety of the search of the defendant by the police officers. Specifically, the State argues that a permissible search of the defendant was conducted by the police officers under the authority of section 108—9 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 108—9), which provides:

> "In the execution of the warrant the person executing the same may reasonably detain to search any person in the place at the time:
>
> (a) To protect himself from attack, or
>
> (b) To prevent the disposal or concealment of any instruments, articles or things particularly described in the warrant."

It is the State's position that upon defendant's entry into the apartment, he was automatically subject to the demands of section 108—9 of the Code of Criminal Procedure; that said section indicates, with no qualification

other than the detention be reasonable, that any individual who enters the premises during the execution of the search warrant may automatically be searched. We disagree. The statute does not grant to police the power to search at their leisure, *People v. One 1968 Cadillac Automobile Vin # J8316714* (1972), 4 Ill. App. 3d 780, 281 N.E.2d 776, and in fact described two specific instances when officers executing a warrant may *reasonably detain to search* a person on the premises described in the warrant. The language "reasonably detain to search" in section 108—9 indicates that there must be some showing in the record that the officers believed that the defendant might attack him or might attempt to dispose of or conceal items particularly described in the warrant. The instant record shows neither. Officer Sorich unequivocally testified that he had no reason to believe that the defendant was dangerous. There is similarly no indication in the record that the officer believed the defendant possessed any items named in the warrant or that he might attempt to dispose of or conceal such items. In fact, the defendant was not even on the premises when the police officers entered and began their search.

Furthermore, the record articulates no facts indicating that the defendant had any connection with the premises described in the warrant. The defendant was not on the premises when the police officers arrived to execute the warrant, nor does it appear that the defendant lived on the premises or was related to anyone who lived there.

This fact, we believe, serves to distinguish the instant situation from the two cases upon which the State relies, *People v. Pugh* (1966), 69 Ill. App. 2d 312, 217 N.E.2d 557 and *People v. Kielczynski* (1970), 130 Ill. App. 2d 231, 264 N.E.2d 767. In *Pugh,* the defendant challenged the issuance of the complaint for search warrant, a prerequisite for which is standing and, *ergo,* a connection with the premises described in the warrant. Furthermore, in *Pugh,* the court reasoned that the search warrant described narcotics and that "the execution of search warrants in narcotics cases is a risky business at best." In the instant case, however, Officer Sorich testified that he had no reason to believe that the defendant was dangerous.

In *Kielczynski,* as in *Pugh,* there was a similar connection between defendant and the premises described in the warrant. Officers arrived at a gas station with a search warrant for the premises, to look for "instrumentalities of gambling." The gas station was owned and operated by defendant Kielczynski who was on the premises when the officers arrived, and was searched. On his person officers found $53 in currency, a scratch sheet, and slips of paper thought to be records of bets on horse races. Other gambling materials were found on the premises. After a bench trial, Kielczynski was convicted of gambling. The appellate court, in affirming the conviction and the validity of the search of defendant's

person, suggested that the defendant was not only already on the premises but that the premises were owned and operated by him, under his control, and that therefore a search of his person was necessary for the execution of the warrant for search of the premises. Defendant there could have easily disposed of or concealed the articles on the premises which were the objects of the search.

■■ To interpret section 108—9 of the Code of Criminal Procedure in a manner permitting police officers to search anybody who happens upon premises described in a warrant during the execution of the warrant, would be to give the statute an unacceptably overbroad interpretation. Such an interpretation would afford no protection to innocent strangers having no connection whatsoever with the premises. It is our opinion that section 108—9 of the Code of Criminal Procedure does not authorize the search of a person on the premises described in the warrant without some showing of a connection with those premises, that the police officer reasonably suspected an attack, or that the person searched would destroy or conceal items described in the warrant.

For the foregoing reasons, we affirm the order of the circuit court of Cook County.

Order affirmed.

GOLDBERG, P. J., and BUA, J., concur.