THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* RICHARD VAN NOTE *et al.*, Defendants-Appellees.

First District (4th Division)   No. 77-1687

Opinion filed August 3, 1978.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Elliot Samuels, of Chicago, for appellee Richard Van Note.

Julius Lucius Echeles, of Chicago, for appellee Fred Lozo.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The defendants, Richard Van Note and Fred Lozo, were indicted for, *inter alia,* illegal manufacture and illegal possession of a controlled substance. (Ill. Rev. Stat. 1975, ch. 56½, par. 1401.) Prior to trial defendants moved to suppress certain evidence seized at their place of business. The trial court granted the motion and the State has appealed.

We affirm the order of the trial court.

The only testimony at the hearing on the motion to suppress was that of Investigator James Peterson of the Chicago Police Department. He executed the search warrant, which commanded that he search the

defendants and "* * * Chemtronics Inc. 1118C Lunt, Schamburg [sic], Cook County Illinois and seize a quantity of QUAALUDE, a pill manufacturing machine, and all articles and instruments used in furtherence [sic], in the commission of the crime, which have been used in the commission of or which constitute evidence of the offense of Possession and Manufacture of a controlled substance * * *." The warrant was issued at 7:45 p.m. on August 9, 1976. Investigator Peterson arrived at Chemtronics at 11:30 that night, accompanied by a police chemist, Mr. Halko. Peterson first testified that a number of items were seized and inventoried that evening. However, when he was shown the inventory slips, none of which indicated any seizures on that day, he said he had made a mistake, that nothing was seized until August 11. At the business location on August 9, Halko informed Peterson that he, Halko, was not qualified to determine what instruments were being used in the crime. Peterson left within two hours of his arrival and the premises were secured by the police.

Peterson did not return until the evening of August 11. At that time he was advised by two chemists already at the location what items were to be seized. The items at issue were then seized and inventoried. Peterson's only explanation of the two day delay was that the police were attempting to meet with a chemist to establish what to seize and also were attempting to get a truck in which to transport the items they would seize. He further stated they were unable to get a truck until August 11, though he did not detail what efforts were made to locate one.

According to Peterson, on August 9, 1976, Chemtronics was an active business engaged in the manufacture of kitchen chemicals. However, from the time Peterson left on that day, a Monday, until his return on Wednesday evening, the 11th of August, Chemtronics was guarded by the police and no business functions occurred.

The trial court, in its memorandum opinion, held:
> "The record does not reflect that the officers in this case exercised diligence in the execution of the warrant.
> There is a Fourth Amendment duty to minimize a lawful intrusion. The power to execute a warrant is not the power to confiscate premises and close a lawful business.
> It was the duty of Officer Peterson and his fellow officers to use at least ordinary care to be sure the search warrant was executed promptly.
> If there was to be a delay, or if doubts existed as to which items to seize, further judicial authority should have been obtained.
> The record in this case leads me to conclude that on the night of August 11, 1976, the officers conducted a general, exploratory

search and seizure, in violation of fundamental principles embodied in the Fourth Amendment.

I recognize that suppression is a severe remedy in these circumstances, but the Fourth Amendment protects against stealthy encroachments into the right of privacy, as well as flagrant violations. History has shown that is the best way to protect individual liberty.

The motion to suppress will be sustained and all items seized from 1118C Lunt, in Schaumburg, Illinois, on August 11, 1976, will be suppressed."

■■ This search was conducted pursuant to a warrant which the trial court found to be valid on its face.[1] The only issue before us is whether the manner in which the warrant was executed was so unreasonable as to require suppression of the evidence seized.

■■ It is clear that evidence secured by use of a valid warrant may be suppressed if that warrant is executed in an unreasonable manner. Thus evidence has been suppressed where police were held to have unreasonably failed to announce their office and purpose prior to making a forceful entry, even though they acted under the authority of a valid warrant. (*People v. Conner* (1977), 56 Ill. App. 3d 565, 371 N.E.2d 106; *People v. Richard* (1975), 34 Ill. App. 3d 621, 339 N.E.2d 400.) Evidence has also been suppressed despite a valid warrant where the police unreasonably extended their search beyond the area specified in the warrant (*People v. Gualandi* (1974), 21 Ill. App. 3d 992, 316 N.E.2d 195), and where they unreasonably searched a person entering onto the premises described in the warrant. (*People v. Dukes* (1977), 48 Ill. App. 3d 237, 363 N.E.2d 62.) Prior to enactment of the statutory 96-hour limitation on execution of search warrants (Ill.Rev. Stat. 1975, ch. 38, par. 108—6), evidence had been suppressed where the police were held to have delayed too long in commencing execution of valid warrants. (*People v. Wiedeman* (1926), 324 Ill. 66, 154 N.E. 432; *People v. Fetsko* (1928), 332 Ill. 110, 163 N.E. 359.) The State cites the 96-hour provision in support of the reasonableness of the two-day delay in this case. But the issue here is one of delay in *completion* of a search, where the timeliness of the commencement of the search is not disputed. We, therefore, are not confronted at this time with the question of whether a delay in commencement of the execution of a search warrant which does not exceed the statutory time period can ever be considered unreasonable.

---

[1] In accordance with the case law then applicable the trial court ruled that it could not consider a challenge to the truthfulness of the allegations in the affidavit used to secure the search warrant. Such a challenge, under limited circumstances, is now permitted. *Franks v. Delaware* (1978), ___ U.S. ___, ___ L. Ed. 2d ___, 98 S. Ct. 2674.

Compare *People v. Bryant* (1970), 127 Ill. App. 2d 110, 261 N.E.2d 815, where a three-day delay was upheld solely on the basis of the statutory period, with *People v. Stansberry* (1971), 47 Ill. 2d 541, 268 N.E.2d 431, *cert. denied* (1971), 404 U.S. 873, 30 L. Ed. 2d 116, 92 S. Ct. 121, where a one-day delay was upheld based on the statutory period but also based on a finding that the delay was justified under the circumstances of the case.

Here the issue is whether the duration of the search, or the delay in completing it, was unreasonable. The same issue was confronted in *People v. Saiken* (1971), 49 Ill. 2d 504, 275 N.E.2d 381, *cert. denied* (1972), 405 U.S. 1066, 31 L. Ed. 2d 796, 92 S. Ct. 1499. In that case the police obtained a warrant to search for a body buried on a farm. The day the warrant was issued the police sought to execute the warrant, but the ground was frozen hard and they stopped after two hours. The next day they returned and located the body after digging for four more hours. The court concluded that this conduct on the second day constituted a continuation of the search from the previous day. The validity of the search was upheld despite the delay in completing it because the officers were found to have acted with diligence in conducting the search.

In this cause the search of a business is at issue, and although somewhat greater latitude may be permissible the requirement of reasonableness of the intrusion remains. (*See v. City of Seattle* (1967), 387 U.S. 541, 18 L. Ed. 2d 943, 87 S. Ct. 1737.) After the initial search was discontinued, two days elapsed during which time the premises were guarded by police and the business operation was completely shut down. Yet, as the trial court noted, only a perfunctory justification was given for this delay. Investigator Peterson stated only that he had to find a truck to transport the materials and a chemist to advise him what to seize. He did not detail any efforts he may have made to diligently secure these things.

■■ The able trial judge found that the police did not act diligently in executing the search warrant. We will reverse a trial court's determination of a motion to suppress evidence only where that decision is manifestly erroneous. (*People v. Blakes* (1977), 55 Ill. App. 3d 654, 370 N.E.2d 869; *People v. Clay* (1973), 55 Ill. 2d 501, 304 N.E.2d 280.) The trial court was in the best position to determine the reasonableness of the delay, for it heard the testimony of the police officer responsible for that delay. The court heard the officer change his testimony concerning when evidence was first seized at the business. The court also noted that several of the inventory slips, all of which are part of the record on appeal, were endorsed by the officer on the part of the form reserved for inventory of items seized without a warrant. Those endorsements also place the date of the seizure as August 9, contrary to the officer's trial testimony. These factors, together with the lack of detailed justification for the delay, were

sufficient to support the trial court's finding of lack of due diligence. Accordingly, the order of the trial court suppressing the evidence seized is affirmed.

Affirmed.

DIERINGER and LINN, JJ., concur.