THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS FANT, Defendant-Appellant.

Third District   No. 78-47

Opinion filed December 29, 1978.

Patrick J. McNamara, of Schenk, Andreano, Duffy, Quinn, McNamara & Phelan, and Louis Pistilli, both of Joliet, for appellant.

Edward Petka, State's Attorney, of Joliet (Gerry R. Arnold and John Breslin, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Thomas Fant appeals from his conviction for unlawful possession of a controlled substance (heroin) following a bench trial in the Circuit Court of Will County. (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b).) Defendant was sentenced to a term of from 2 to 6 years in the penitentiary.

On appeal, Fant argues that the heroin confiscated during a police search of his house should have been suppressed at the trial and he asserts that the search warrant for the premises was not executed in a reasonable manner. The precise issue involving the reasonableness of the warrant's execution, under the same facts and involving the same incident as presented by this case, was recently before this court in *People v. Boykin* (1978), 65 Ill. App. 3d 738, 382 N.E.2d 1369. In *Boykin* we held that the search warrant was reasonably executed and that Boykin's conviction for possession of heroin was upheld. The facts in the instant case and in *Boykin* are identical in pertinent part. Since the facts are fully set out in *Boykin*, only a brief summary is required at this time.

Drug agents in Joliet had obtained a search warrant for the Thomas Fant residence. Probable cause for the issuance of the warrant had been found by the court. The warrant was issued based on the probability that heroin was present on the premises. Agents arrived at the premises at 11:30 p.m. on a Tuesday night and stationed themselves near the front and rear entrances. Lights were on in the house and on the front porch but no doors or windows were open. As an agent in the front yard announced over a loud speaker the presence of the police and the purpose of the police to search the premises, another agent on the front porch knocked

on the front door. He knocked a second time but no response came from within the house. The officers on the porch then heard a scuffling noise like feet moving from within the premises. Upon hearing the sounds, the officers forcibly entered through the front door. As they entered, they saw defendant Fant and Willie Boykin running away from them toward the kitchen. Both men were quickly apprehended and the subsequent search of the persons apprehended and the premises led to the discovery of heroin.

On the motion to suppress, and again on appeal, the defendant argues that the agents violated the "knock and announce" rule by forcibly entering the residence without giving the occupants a chance to respond to their announcements.

Section 108—8 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 108—8) states:

> "All necessary and reasonable force may be used to effect an entry into any building or property or part thereof to execute a search warrant."

What is reasonable in the manner of executing a search warrant depends in a substantial part on the facts and circumstances of each case. In the instant case, the officers did clearly announce their authority and the fact that they had a search warrant and proposed to enter the premises for that purpose. Forcible entry came only after the announcements and two knocks produced no response from within the house. The officers heard the scuffling noises from within, which sounded like people running away, and the officers reasoned that the occupants might be destroying evidence, such as heroin.

In *People v. Boykin* (1978), 65 Ill. App. 3d 738, 382 N.E.2d 1369, we found that the forcible entry under the circumstances presented in the instant case was reasonable. Our determination and the reasoning in *Boykin* control the issue in the instant case. The execution of the search warrant was done in a reasonable manner, in our judgment, under the circumstances as presented to the officers at the time.

For the reasons stated, therefore, the decision of the Circuit Court of Will County is hereby affirmed.

Affirmed.

SCOTT, P. J., and STOUDER, J., concur.