THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HOWARD SALTZ, Defendant-Appellant.

Second District   No. 78-87

Opinion filed August 21, 1979.

Mary Robinson and Michael Mulder, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Barbara A. Preiner, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant was convicted in a jury trial of rape, indecent liberties with a child and aggravated incest and was sentenced to concurrent terms of 20 to 30 years for rape and indecent liberties, and 6 2/3 years to 20 years for aggravated incest. The charges have as their factual basis a

single act of sexual intercourse between defendant and his 15-year-old daughter on December 25, 1976.

Prior to trial there had been some publicity regarding incest and other sex offenses against children. During trial an article was published about the trial in which it was stated that defendant had previously been charged with a similar offense, but that charges were dropped when defendant's daughter was reluctant to testify. The trial court had previously admonished the jurors to read nothing about the trial, and when this article came to the attention of defendant's attorney, he made a motion for a mistrial, alleging that defendant could not receive a fair trial because of the prejudicial article. The court then examined the jurors individually about the article. Defendant was not present during either the motion or the examination, counsel having waived defendant's presence. The examination revealed that one juror had seen the article and had read it until he saw "the name"; he then gave it to his wife without reading further. He also stated that he mentioned the existence of an article about the case to a fellow juror, but that they did not discuss it. Another juror, in fact, did state that a fellow juror had mentioned the existence of the article, but that the juror who saw the article told him he had not read it; they had no further conversation about the article.

■■ The first issue involves the possible prejudice caused to defendant by this article. It is our view that it was sufficiently shown at trial that the jury was not contaminated by the article. The one juror who saw it stopped reading when he saw "the name." Defendant's name is nowhere in the article; the judge's name is in the second paragraph, the state's attorney's is in the fourth, and the defense attorney's is in the ninth; the allegedly prejudicial material is in the 15th paragraph, the next to the last one. The juror who did see the article mentioned the existence of it to another juror, but they did not discuss the article, and the other juror confirmed that the first one said he had not actually read the article.

■■■ Defendant further argues that it was error for the trial court to have denied his earlier request that the jury be sequestered, and that it was error to hear the motion for mistrial and to examine the jurors in his absence. The sequestration of a jury is within the discretion of the trial court (*People v. Yonder* (1969), 44 Ill. 2d 376, 256 N.E.2d 321), and considering the warnings given to the jury and the limited coverage of the case, we conclude that the decision to not sequester the jury was not an abuse of that discretion. Regarding defendant's absence, while it is true that a defendant has the right to be present in the courtroom at every stage of the trial (*Illinois v. Allen* (1970), 397 U.S. 337, 25 L. Ed. 2d 353, 90 S. Ct. 1057), this right is not absolute; where defendant's substantial rights are not involved or where his presence would be useless, he need not be

present. (*People v. Breitweiser* (1976), 38 Ill. App. 3d 1066, 349 N.E.2d 454.) It is our view that this defendant's presence would have contributed nothing to either the presentation of counsel's argument on the motion for a mistrial or the examination of the jurors as to whether they had read a particular newspaper article. Defendant's absence from this phase of the proceedings was accordingly not error.

■■ Defendant also requested that the court examine the jurors at the end of the trial and prior to deliberation in order to determine again whether they had been exposed to prejudicial information about the defendant since the examination indicated above. The court refused this request. It is our opinion that the presumption must be in favor of the jury obeying the trial court's admonitions regarding reading or discussing the case. Further, a review of the earlier examination indicates that each juror expressed his understanding of the importance of obeying the trial court's admonition.

■■ During trial, defense counsel made a motion for a fitness hearing; defendant's previous attorney also appeared and argued in favor of the hearing. Defense counsel asserted that defendant could not assist him because defendant had lost confidence in him, and that defendant's psyche was totally changed. The factual origin of this aspect of the case seems to have occurred when defendant was upset by testimony given against him by his son. Section 5—2—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—1(d)) provides that when the question of defendant's fitness to stand trial is raised after trial commences, the question shall be determined by the court. Subparagraph (c) of that statute also provides that a determination of the question of defendant's fitness shall be made when a bona fide doubt of his fitness is raised. It is our opinion that the fact that defendant was surprised and upset by his son's testimony hardly seems to render him unfit to stand trial, and that the court's decision to deny the fitness hearing was correct.

■■ Defendant next contends that the chain of evidence was inadequate to allow admission of certain physical evidence. Vaginal scrapings were taken from the victim, placed on slides and tested for the presence of sperm. The treating physician testified that he saw the samples handed directly to a Mr. Johnson, but could not state that the slides at trial were the same ones he placed the samples on. Mr. Johnson, however, did testify that they appeared to be the same. Defendant has argued that the slides were at different times in the possession of various nurses, one of whom was not called as a witness. Any point in this area is waived, since defense counsel's specific objection at the time the State sought to introduce the exhibit was that the treating physician did not recognize the slides. Even were the issue not waived, it is our view that it was sufficient

that the physician said he saw the slides handed to Johnson, who in turn said that the slides he received were the same ones as at trial.

■■ Defendant urges that the prosecutor made a statement in closing argument which was prejudicial. The comment related that on the day after the incident, when police arrived to arrest defendant, he had packed some of his belongings and was "ready to take off"; the prosecutor then noted that there was no testimony about plans for a vacation or to go anywhere. Defense counsel objected as to comments about the fact that defendant did not testify. These comments, however, more readily support the contention that defendant was in flight, rather than an indication highlighting his choice not to testify.

■■ Defendant claims he should be allowed a new sentencing hearing because a witness he had subpoenaed from the Department of Public Aid did not appear to testify as to facts about defendant and his family. This information is privileged by statute (Ill. Rev. Stat. 1975, ch. 23, par. 11—9), particularly in light of the fact that it involves other members of defendant's family. Further, defendant's offer of proof shows that the desired information had already been heard by the court; therefore, even if the matter were not privileged we would view it as merely cumulative, and conclude that defendant was not prejudiced by its exclusion.

■■ Defendant finally urges that it is improper for him to have received three sentences for offenses which arose from a single act. *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273, supports this position, and we accordingly vacate the sentences for aggravated incest and indecent liberties. We will, however, allow the convictions on these offenses to stand, since they required proof of separate elements.

The decision of the circuit court is accordingly affirmed as modified.

Affirmed as modified.

GUILD, P. J., and SEIDENFELD, J., concur.