THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT MADDOX, Defendant-Appellant.

First District (4th Division) No. 79-1366

Opinion filed March 26, 1981.

Cornelius E. Toole, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Adrienne Noble Nacev, and John Ashenden, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE ROMITI delivered the opinion of the court:

Following a bench trial the defendant, Robert Maddox, was convicted of possession of more than 30 grams of a substance containing heroin, a Class 1 felony. (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(a)(1).) He was sentenced to 6 years' imprisonment. The sole issue raised on appeal is whether defendant's motion to suppress evidence should have been granted because the search of his home which uncovered the heroin was unreasonable in duration and scope.

We affirm.

At the hearing on defendant's motion to suppress, Officers William H. Martin and Peter A. Washington, who were both assigned to the Cook County Sheriff's Police Narcotics Unit at the time of the search, testified to the following facts relevant to this appeal. At about 9 p.m. on February 2, 1978, they and Officer John Ross arrived at defendant's home with a search warrant. They knocked on the door and defendant peered through a curtain covering a window in the door, asking who was there. They identified themselves and informed him of the warrant. Defendant closed the curtain and could be heard running to the back of the house. The officers forced open the door with a sledge hammer. Present in the house with the defendant were his wife and mother-in-law. Defendant was given a copy of the warrant and was advised of his rights. He told the officers that all he had was some marijuana in the basement; that was recovered by them. No testimony specifically concerning the recovery of the heroin was adduced at the hearing. After hearing arguments from counsel the trial judge denied the motion.

The same officers testified for the State at trial, where the following additional information was adduced. The warrant authorized the search of defendant and his family home as well as the seizure of heroin. At trial

the officers recalled that the search commenced at 8 p.m. When they gained entry defendant was in the rear of the house, where a gun was found. Two other weapons were also found in the house. When defendant told them of the marijuana Officer Martin took him to the basement where the marijuana was found in a shoe box. Officer Washington searched the second floor of the house. Subsequently he and Officer Ross searched the basement, which contained a lowered or "drop" ceiling. Washington "removed a partition of the ceiling" and with the aid of a flashlight observed a plastic bag some distance away. He removed the bag by reaching up into the ceiling, apparently moving another section of the ceiling to do so. In the bag were several other bags containing a powder. It was stipulated that these bags were subsequently examined by a qualified chemist who found that three of them contained 54.5 grams of heroin. When the heroin was discovered at the house, Officer Martin was called to the basement, accompanied by the defendant. Martin asked defendant about his statement that he had nothing else in the house. Defendant responded that he had forgotten putting it up there.

Defendant's wife and mother-in-law testified for the defense. His mother-in-law recalled that the search commenced at about 9 p.m. She and her daughter were going to the bedroom when they heard a crash and saw the police with guns pointed at the defendant. She did not see them read anything or say anything to defendant at that point, stating that she had only seen the police "run around tearing the house apart." However, she admitted that she was not always present with the defendant and the officers during the search. Her estimate of the duration of the search was three or four hours.

Defendant's wife also testified that the search began about 9 p.m. when she and her mother heard a loud crash and saw the police with guns pointed at the defendant. She saw no papers shown to the defendant nor did she hear them read any rights to him. However, she also testified that she remained in the living room during the search. She variously estimated the duration of the search as over an hour and about two hours.

■■ Defendant cites only two factors in support of his claim that the search warrant was executed unreasonably: the duration of the search and the exploration of the lowered ceiling. We have held that evidence secured by use of a valid warrant may be suppressed where that warrant was executed in an unreasonable manner. (*People v. Van Note* (1978), 63 Ill. App. 3d 53, 379 N.E.2d 834, and cases cited therein.) The reasonableness of the manner in which the warrant is executed will depend to a great extent on the facts and circumstances of each case. (*People v. Fant* (1978), 66 Ill. App. 3d 991, 384 N.E.2d 563.) And of course the trial court's determination of a motion to suppress evidence will be reversed only if

that decision is found to be manifestly erroneous. *People v. Clay* (1973), 55 Ill. 2d 501, 304 N.E.2d 280; *People v. Van Note* (1978), 63 Ill. App. 3d 53, 379 N.E.2d 834.

■■ The warrant in this cause authorized the search for heroin in a two-story house with a basement. The police initially encountered resistance in entering the premises and had to forcibly open the door. Ultimately heroin was found hidden in a lowered ceiling in the basement. Although defendant characterizes that particular intrusion as a "removal of building material and taking apart of the building," this distorts the testimony. At most several sections of the ceiling were removed or moved in order to allow the police to observe and remove the heroin. The entire search lasted at most four hours and perhaps less than two. Defendant has made no showing that this amount of time was not required or that the manner of the search was abusive or in bad faith, and we find no basis for disturbing the determination of the trial court that defendant's motion to suppress should be denied. *People v. Green* (1977), 52 Ill. App. 3d 636, 367 N.E.2d 1061.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

JIGANTI and LINN, JJ., concur.